FILED
United States Court of Appeals
Tenth Circuit

July 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

  GARY deWILLIAMS,

    Defendant - Appellant.

No. 16-1001
(D.C. No. 1:88-CR-00064-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Pro se federal prisoner Gary deWilliams appeals from the denial of his "Motion to Correct Clerical Errors" under Federal Rule of Criminal Procedure 36.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

In 1988, Mr. deWilliams pled guilty to bank robbery and making false statements. On August 3, 1988, he was sentenced to 25 years in prison, and judgment was entered on August 9, 1988.[2] On August 24, 1988, the district judge issued a Clarification of Judgment ("COJ"), which stated:

> This matter is before the Court sua sponte to clarify the sentence previously imposed in this case. This Court has ruled that the Sentencing Guidelines promulgated by the United States Sentencing Commission were unconstitutional. Therefore, all sentences of this Court are under preexisting law and not the Sentencing Reform Act. Accordingly, it is

> ORDERED that the sentence entered in this case is clarified to show that it was imposed under preexisting law and not under the Sentencing Reform Act of 1984. It is

> FURTHER ORDERED that the Probation Department transmit a certified copy of this order to Defendant's place of confinement.

ROA Vol. II at 66.

On September 24, 2015, Mr. deWilliams filed his Rule 36 motion, which asked the district court to "update" the COJ

> to show (i) the federal offenses and statu[t]es for which the court impose[d] its sentence(s), (ii) the financial, confinement, and supervision obligation, (iii) sentencing procedure to be processed, (iv) credit of jail time, if any, and (v) designated institution with no special instructions.

*Id.* at 59-60. In his motion, Mr. deWilliams contended the Bureau of Prisons ("BOP") needs this information so he can pursue opportunities for, among other things, prison jobs, housing, and vocational courses. *Id*. at 60-61.

---

[2] The district court's order denying the Rule 36 motion and the Government's brief both refer to the judgment as dated August 3, 1988, but the record indicates judgment was entered on August 9, 1988.

- 2 -

On December 14, 2015, the district court denied the motion. It pointed out that the original judgment contains the information Mr. deWilliams had asked to be added to the COJ, and that both the judgment and the COJ would be included in his BOP file. In addition to denying the motion, the court recommended in its order that "the BOP, to the extent it is not already doing so, to also consider Mr. deWilliams' August [9], 1988 Judgment (as it ordinarily would) in making any such determinations." *Id.* at 76. The Government states in its brief that it has forwarded the court's order denying the motion "to the BOP and has requested that the BOP ensure that it consider both Mr. deWilliams' August [9], 1988 Judgment, and Mr. deWilliams' August 24, 1988 Clarification of Judgment, in making determinations regarding Mr. deWilliams' qualifications for particular programs or services." Aplee. Br. at 10 n.4.

In his brief to this court, Mr. deWilliams does not present any meritorious argument that challenges the district court's denial of his motion. He devotes most of his 35-page brief and 58 pages of attachments to court rulings and proceedings from his case more than 25 years ago that are not pertinent to the issue on appeal—the ruling on his Rule 36 motion.[3]

Based on the foregoing, we affirm the district court and deny Mr. deWilliams's

---

[3] On May 10, 2016, this court granted Mr. deWilliams's second motion to extend the time to file a reply brief and set the deadline for May 23, 2016. On June 7, 2016, we extended the deadline a third time to June 27, 2016. As of the date of this Order and Judgment, the Clerk's Office has not received a reply brief from Mr. deWilliams.

request to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge